**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOEL C. GOLDBLATT, *et al.*,

      Plaintiffs,

v.                                          No. 1:25-cv-01179-JHR-KK

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.

**ORDER REGARDING SEALED DOCUMENTS**

Counsel for Defendant Wells Fargo contacted the Clerk's Office stating: (i) Plaintiff filed a document under seal; (ii) Counsel did not receive a conformed copy; (ii) a request for a copy of the document; and (iv) Plaintiffs keep filing documents under seal without a court order or authorization to do so.  Plaintiff Joel Goldblatt has electronically filed three documents which are sealed.  *See* Doc. 9, filed January 29, 2026; Doc.14, filed February 4, 2026; Doc. 17, filed February 24, 2026; *see also* Order on Pending Motions at 2, Doc. 7, filed December 12, 2025 (granting *pro se* Plaintiffs permission to file documents electronically, notifying Plaintiffs that the Court will revoke permission to file electronically if Plaintiffs abuse their electronic filing privilege or fail to comply with the rules and procedures regarding electronic filing, and notifying Plaintiffs that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case).

> Because sealed documents filed in CM/ECF are no longer accessible or viewable electronically, service of those documents can no longer be accomplished through CM/ECF. Parties must serve sealed documents by other appropriate means and as provided by the Federal Rules of Procedure. The Court will serve its sealed documents in paper by mail.

Administrative Order, No. 25-MC-00004-25 (stating that a party with the right to access a sealed document may request additional copies of sealed documents subject to paper copy fees).

> There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document"); *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" (quoting *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)).

*McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022).  Plaintiff Goldblatt has not shown a real and substantial interest in depriving the public access to those documents.

**IT IS ORDERED** that:

(i)    Plaintiff Goldblatt shall, within 14 days of entry of this Order, serve all parties with a copy of all documents he has filed under seal.  Replies to Plaintiff Goldblatt's Response, Doc. 17, is due 14 days after service of the Response.

(ii)   Plaintiff Goldblatt shall, within 14 days of entry of this Order, show cause why the Court should not make the sealed documents available to the public.  Failure to timely show cause may result in the Court granting the public access to those documents.

If Plaintiff Goldblatt continues to fail to properly serve all parties or continues to file sealed documents without showing a real and substantial interest in restricting access to those documents, the Court may revoke Plaintiff Goldblatt's permission to file documents electronically and/or impose other sanctions.

_____

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**
